UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY CO., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ILLINOIS CONSTRUCTION CORP., ) <br> et al., ) <br> Defendants. ) <br> ) | No. 16 cv 55 EJM <br><br> ORDER |

Before the court is defendant Illinois Construction Corp.'s (ICC) resisted motion to dismiss the Amended Complaint for lack of personal jurisdiction, filed January 9, 2017. Denied.

Plaintiff United Fire & Casualty Co. (United Fire) brings this action for a declaratory judgment that United Fire does not owe indemnity and a defense to ICC in a civil case pending in the Circuit Court of Kane County, Ill., No. 15-L-572. Jurisdiction under 28 U.S.C. §1332.

ICC previously moved to dismiss the original complaint for lack of personal jurisdiction under Fed.R.Civ.Pro. 12(b)(2), asserting that it does not have sufficient ties with the state of Iowa to enable jurisdiction over it. This court granted discovery on the question, after which plaintiff filed an Amended Complaint, mooting the motion to dismiss the original complaint. ICC now moves on the same grounds to dismiss the Amended Complaint.

When personal jurisdiction is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102

(8th Cir. 1996). "[J]urisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

In this case, defendant ICC designated a registered agent for service of process in Iowa under the Iowa Business Corporations Act, Iowa Code § 490.1503(e.) The Eighth Circuit has consistently held that having a registered agent for service of process constitutes consent to jurisdiction in that state. Knowlton v. Allied Van Lines, 900 F.2d 1196, 1198-99 (8th Cir. 1990); Ytuarte v. Gruner & Jahr Printing, 935 F.2d 971, 973 (8th Cir. 1991); Ocepek v. Corp. Transport, 950 F.2d 556, 557 (8th Cir. 1991); Sondegard v. Miles, Inc., 985 F.2d 1389 (8th Cir. 1993.) Thus, ICC has consented to the personal jurisdiction of the state and federal courts in Iowa. Motions concerning venue and the doctrine of *forum non conveniens*, if any, shall be filed within thirty days of this order.

It is therefore

ORDERED

Denied.

February 1, 2017

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT